# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| PHIL PEAKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-04093-MDH |
| ) | |
| CITY OF FULTON, DARRELL DUNLAP, ) | |
| AND BILL JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss (Doc. 9). After full and careful consideration, the Court hereby **GRANTS** Defendants' motion.

## I. BACKGROUND

Plaintiff commenced the present action in federal court against the City of Fulton and two employees of the City of Fulton in their individual and official capacities. Plaintiff alleges that "each and all of the acts of the Defendants alleged herein were taken and accomplished by Defendants acting in their administrative capacity . . . under the authority of their offices as city officials" and, at all relevant times, Defendants Dunlap and Johnson "were employees for the Defendant City of Fulton, acting within the course of their employment and on behalf of the City of Fulton."

The Complaint alleges Plaintiff was employed by the City of Fulton and that, prior to his termination, Plaintiff reported certain compliance issues to city and state officials including multiple sanitary sewer overflows, wastewater treatment facility process failures that resulted from long term neglect and poor maintenance practices, and several "near miss" safety incidents that identified long term neglect and poor maintenance of equipment as the primary cause of the

incidents. The Complaint alleges Defendants were aware of Plaintiff's complaints regarding lack of compliance yet Defendants took no steps to address Plaintiff's complaints and, instead, Defendants took steps to terminate Plaintiff's employment for speaking out about the alleged safety concerns and Clean Water law violations. The Complaint alleges that, subsequent to Plaintiff's termination, Defendants made false, malicious, and defamatory statements about Plaintiff that resulted in revocation of an offer of employment given to Plaintiff and commencement of a criminal investigation against Plaintiff. The Complaint asserts four counts against all Defendants: (I) Section 1983 claim for deprivation of constitutional rights, (II) retaliatory discharge, (III) wrongful discharge, and (IV) slander.

Defendants moved to dismiss all counts against Defendant City of Fulton and to dismiss Counts II and III against Defendants Dunlap and Johnson. Upon review of documentation provided by Defendants, Plaintiff conceded that Counts II through IV against Defendant City of Fulton and Counts II and III against Defendants Dunlap and Johnson should be dismissed. The sole issue remaining for the Court is whether Count I should be dismissed as to Defendant City of Fulton.

## II. STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required

2

to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. ANALYSIS

Defendants argue Count I fails to state a claim against the City of Fulton because the City of Fulton is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff argues a municipality can be a "person" subject to suit under 42 U.S.C. § 1983 if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise, citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). Plaintiff argues "[i]n the absence of any discovery, it is impossible for Plaintiff to know, or for this Court to determine" whether any of these three situations apply and, therefore, Defendants' motion should be denied absent further discovery. Defendants argue the Complaint "does not allege anywhere that a policy or custom of City of Fulton was responsible for the alleged First Amendment violation" and "[b]ecause Peaks has not plead any facts to bring a *Monell* claim in this case, Defendant City of Fulton is not a person under § 1983 and should be dismissed from Count I of the Petition."

Defendants are correct that Plaintiff has failed to plead any factual or even conclusory allegations that suggest the alleged whistleblower retaliation at issue here resulted from the City

3

of Fulton's official policy, unofficial custom, or deliberately indifferent failure to train or supervise. The Court finds Count I is therefore subject to dismissal for failure to state a claim as to Defendant City of Fulton. *See, e.g., Kelly v. City of Omaha, Neb.*, 813 F.3d 1075-76 (8th Cir. 2016) (affirming dismissal of 1983 claim against municipality where plaintiff failed to plead any facts showing the harassment at issue represented part of a municipal policy or custom supporting such behavior).

Given Plaintiff's arguments in briefing, the early stage of this litigation, and the fact that Plaintiff may be able to plead and prove additional facts to support a claim of relief as to the City of Fulton on Count I, the Court will grant Plaintiff leave to amend his Complaint, if he so desires, in order to plead additional facts to support his 1983 claim against the municipality. *See generally* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Plaintiff may file an amended pleading including such allegations within 21 days of the date of this order.

## IV. DECISION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Partial Motion to Dismiss (Doc. 9). Counts II through IV against Defendant City of Fulton and Counts II and III against Defendants Dunlap and Johnson are hereby dismissed. Count I is further dismissed as to Defendant City of Fulton but Plaintiff is granted 21 days to file an amended 1983 claim against Defendant City of Fulton if he so desires.

**IT IS SO ORDERED**.

Dated: July 26, 2016           */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**